## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2016, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth Rollingcloud, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 29, 2016 <br><br> Court of Appeals Case No. <br> 02A03-1604-CR-993 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D05-1511-F6-1135 |

**Bailey, Judge.**

# Case Summary

Kenneth Rollingcloud ("Rollingcloud") pleaded guilty to (1) Possession of Cocaine,[1] as a Level 6 felony; (2) Invasion of Privacy,[2] as a Class A Misdemeanor; and (3) Possession of Paraphernalia,[3] as a Class C Misdemeanor. Rollingcloud now appeals his sentence. We affirm.

# Issues

Rollingcloud presents the following restated issues for our review:

I. Whether the trial court abused its discretion in sentencing him by failing to identify certain mitigating factors; and

II. Whether Rollingcloud's sentence is inappropriate.

# Facts and Procedural History

On November 16, 2015, Fort Wayne Police Department officers responded to a reported disturbance at the Delux Inn.[4] A concerned caller had heard a male and female arguing, and possibly heard glass breaking. When police arrived,

---

[1] Ind. Code § 35-48-4-6.

[2] I.C. § 35-46-1-15.1.

[3] I.C. § 35-48-4-8.3.

[4] We note that the transcript of Rollingcloud's plea hearing is not before us. In the facts section of his brief, however, Rollingcloud cites to the Affidavit for Probable Cause, appearing to concede that the facts as stated therein are accurate. Accordingly, we use those facts.

Rollingcloud claimed there was no disturbance and that he was alone. Rollingcloud let officers enter the hotel room, where they found a female adult, M.M., in the bathroom. While in the room, officers saw two glass smoking pipes on the nightstand. They also found a metal pipe in the bathroom, and other paraphernalia under the top bed covers. The pipes contained burnt residue and screens, and the officers recognized them as crack cocaine pipes.

[4] The officers arrested Rollingcloud and M.M. for possessing drug paraphernalia. At that point, Rollingcloud stated that there was crack cocaine in shoes by the bed. The officers found a pair of tennis shoes with a small plastic bag inside. The bag contained a white chunky substance, and during a subsequent interview, Rollingcloud admitted that he and M.M. had purchased cocaine and had both smoked cocaine prior to law enforcement's arrival. The officers also discovered that there was a valid No Contact Order in place prohibiting Rollingcloud from being in direct contact with M.M.

[5] On November 20, 2015, the State charged Rollingcloud with Possession of Cocaine, Invasion of Privacy, and Possession of Paraphernalia. Rollingcloud later pleaded guilty on January 4, 2016, and the trial court placed Rollingcloud into the drug court diversion program, deferring sentencing. As a participant in the program, Rollingcloud was placed into transitional living, but he relapsed in February 2016, and absconded from the transitional living center. The trial court issued a warrant and Rollingcloud was arrested.

The trial court later revoked Rollingcloud's drug court participation and set the matter for sentencing. Following a sentencing hearing, the trial court sentenced Rollingcloud to an executed term of two and one-half years for Possession of Cocaine, one year for Invasion of Privacy, and sixty days for Possession of Paraphernalia, reflecting the maximum sentence for each count. The sentences were to run concurrently, for an aggregate sentence of two and one-half years.

Rollingcloud now appeals.

# Discussion and Decision

## Abuse of Discretion

Rollingcloud argues that the trial court abused its discretion in sentencing him because the trial court should have identified certain mitigating factors.[5] Rollingcloud focuses his argument on whether the trial court should have found that his post-traumatic stress disorder was a mitigating circumstance, although Rollingcloud also cursorily points out his other mental and physical conditions.

Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer*, 868 N.E.2d at 490. A trial court abuses its sentencing discretion if its sentence is clearly against the

---

[5] Rollingcloud recites the standard for Appellate Rule 7(B) sentence revision, but much of his argument focuses on the trial court's handling of his proffered mitigating factors, which we review under a different standard. We remind counsel that inappropriate sentence and abuse of discretion claims are to be separately analyzed. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). We accordingly separately address each aspect of Rollingcloud's argument.

logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* In sentencing a defendant, the trial court must enter a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence." *Id.* at 491. Where, as here, the appellant alleges that the trial court failed to identify or find a mitigating factor, the appellant must establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* at 493. However, the trial court is not obligated to explain why it did not find a circumstance to be particularly mitigating. *Id.* Moreover, the relative weight or value assignable to reasons properly found, or those that should have been found, is not subject to review for abuse. *Id.* at 491. When reviewing a sentencing decision, we will not remand unless we "cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

[9] Here, when interviewed for his presentence investigation report, Rollingcloud stated that he "was diagnosed with Bipolar Disorder, severe depression, Anti-Social Personality Disorder, and Post-Traumatic Stress Disorder by the American Indian Health Clinic" in the late 1990s. (Appellant's App. Vol. II. at 50.) At the outset of the sentencing hearing, Rollingcloud corrected the presentence investigation report to additionally note that "he was verbally, physically, and mentally abused by his father." (Tr. at 5.) The record is otherwise devoid of the nature or extent of Rollingcloud's purported post-traumatic stress disorder, or his other claimed mental health conditions.

Similarly, Rollingcloud reported certain medical conditions, but the record lacks other evidence relating to Rollingcloud's health, much less why these physical conditions warrant a mitigated sentence.

[10] Based on the record before us, Rollingcloud has failed to show that his alleged mitigating evidence is both significant and clearly supported by the record.

## Appropriateness of Sentence

[11] Rollingcloud also asks that we exercise our authority under Appellate Rule 7(B) to revise his sentence. Even when a trial court has not abused its sentencing discretion, we may independently review a sentence under Indiana Appellate Rule 7(B). Under this rule, we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers, not achieve the perceived "correct" result in each case. *Id.* at 1225. We therefore "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] Regarding the nature of the offense, the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Id.* at 1081. As to the nature of Rollingcloud's offenses, Rollingcloud was found with cocaine and drug paraphernalia in a hotel room with M.M., whom he was prohibited from contacting. There is nothing particularly remarkable about the nature of his offenses. Turning to the character of the offender, however, Rollingcloud has eleven prior felony convictions, thirteen prior misdemeanor convictions, and four juvenile delinquency adjudications, three of which would have been felonies if committed as an adult. Rollingcloud's multi-state criminal history includes multiple convictions of theft and terroristic threats as well as multiple convictions of drug possession. Rollingcloud has had his probation revoked once and his parole revoked three times. Moreover, Rollingcloud lied to police officers about being alone in the room and violated drug court rules. Further, at his sentencing hearing, Rollingcloud had a pending misdemeanor charge because he was again in contact with M.M. The trial court noted that Rollingcloud has "been in treatment multiple times" and "had counseling, intervention, transitional living[,] and then finally the drug court program," with failed attempts at rehabilitation from 1997 to 2016. (Tr. at 14.). Rollingcloud has also "been given the benefit of short jail sentences and longer jail sentences, the Department of Correction, probation, parole, the ACP program, [and] community service," (Tr. at 14), yet continues to commit criminal offenses.

Rollingcloud has not persuaded us that his sentence is inappropriate.

# Conclusion

The trial court did not abuse its discretion in sentencing Rollingcloud and the sentence is not inappropriate.

Affirmed.

Najam, J., and May, J., concur.